## DETERMINATION AS TO WHICH OF TWO INNOCENT PARTIES MUST LOSE.

Circuit Court of Cuyahoga County.

MARY KEMPINSKI v. AUGUST DYCZKOWSKI.

Decided, November 22, 1902.

*Judgments—When Assignee of a Judgment May Not Enforce it.*

1. Where one of two innocent parties must suffer loss, it is put upon the one who by his act or failure to act has enabled a third party to create the situation which must result in loss to one of them.
2. Where the assignee of a judgment fails to give notice of such assignment, and does not record the assignment until the judgment creditor is in the process of collecting his judgment by having it set off against the claim of the judgment debtor in a suit in another county, such assignee can not collect the judgment from the judgment debtor.

*Thomas Robinson,* for plaintiff.
*Henry Du Lawrence,* contra.

CALDWELL, J.; HALE, J., and HULL, J. (sitting in place of Marvin, J.), concur.

This case comes into this court on appeal. I will not undertake to state the facts at all in the case any further than to say this: That the husband of Mary Kempinski got a judgment against the defendant for $299 and after obtaining that judgment in this county he went to Portage county to collect it out of certain lands that the defendant owned in that county, and the defendant made a set-off of the claim he had against him

amounting to about $1,200 so that the judgment was the difference between the two claims, making it equivalent to a collection of the judgment of the husband of the plaintiff. Now, afterwards, she brings this action on the same claim, claiming that the judgment her husband had obtained for $299, had been assigned to her before he undertook the collection of it and she put the assignment on record after the collection was in process, and she claims that notwithstanding he collected it and got it in full by way of cancelling the larger claim in part against him, she is now entitled to collect it again. The question doesn't turn upon how far an assignment of a judgment when placed upon the docket where the judgment appears, is notice to the parties. It is held in 48 Pa. St., 70, that it is not notice—it is not direct notice, nor is it constructive notice. Be that as it may, this case seems to present this plain proposition of law or equity that is often acted upon: where one of two parties must suffer by reason of the act of a third, if one is instrumental in bringing about or setting in operation that act of the third which makes one of the two innocent persons suffer, he is the one on whom the responsibility must fall.

The husband of Mary Kempinski had it in his power to collect this judgment, even after he assigned it to her, from the fact that she gave no notice to the defendant, and, in fact, if the defendant had paid it to him while she held the assignment, without any notice to him, she certainly could not have recovered. That is well settled law. But while he was in process of collecting it, she put her assignment on the docket where the judgment appeared.

Even admitting that that is a sort of constructive notice, it was during the trial and certainly after a time when the defendant had prepared to meet the plaintiff's claim, and we think that he was under no obligation to go continually during the trial of his case, to another county, in another court to search a record to see if an assignment had been made, had been put on after the action had commenced in which he appeared. This being true, the fault of the defendant, if any fault at all on his part, is very slight, while that of Mary Kempinski, the plaintiff,

in not giving notice of her assignment, is one that under the facts of this case ought to defeat her; she is the one that by not giving any notice of the assignment to her, made it possible for her husband to undertake to do just what he did in this case. That being true, if there are two innocent parties here, she is the one that ought to suffer. We hold that she can not recover in this case.